## THE STATE OF IOWA v. McKINZIE.

*Appeal from Bremer District Court — Wednesday, April 19.*

TESTIMONY OF ACCOMPLICE: CORROBORATION.

THE defendant was indicted in Butler county for horse stealing. On his application the venue was changed to Bremer county, where he was tried, convicted and sentenced to three years imprisonment in the penitentiary. The defendant appeals.

No appearance for the appellant — *Isaac L. Allen*, Attorney-General, for the State.

COLE, J. — The defendant has failed to file any assignment of errors; nor has he, by his counsel, furnished any brief or argument. But, in such case even, the statute (Rev., § 4925) requires us to examine the record, and without regard to technical errors or defects, which do not affect the substantial rights of the parties, render such judgment on the record as the law demands.

We have examined the record carefully, and can conceive of no question arising thereon, unless it may be as to the extent of corroboration of the testimony of an accomplice, requisite to justify a conviction under our statute. (Rev., § 4102.) Even this question is not directly made, for whether the witness, upon whose testimony the State relied, was an accomplice, became itself a question of fact, and as such was properly referred to the jury to determine. It is necessary that the corroborating evidence shall tend to connect the defendant with the commission of the offense, and not merely to show its commission or the circumstances of it. But since the jury may have found, from the evidence, that the witness was not an accomplice, and the instructions were quite as favorable as the law would justify for the defendant, we cannot do otherwise than affirm the judgment.

Affirmed.